## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| DEBORAH RANDALL;<br>STILLWATER LADIES, INC.;<br>BARBARA J. WRIGHT;<br>DAVID WRIGHT;<br>FLAMINGO EXPRESS, INC.;<br>ROBIN ALLANSON;<br>LEO NEUDECKER;<br>AUDREY HOGLUND-ROSS;<br>ANGIE WEEKS; and<br>MICHELLE EVANS, | Civil No. 04-3394 (JRT/FLN) |

**MEMORANDUM OPINION
AND ORDER ON DEFENDANTS'
MOTION TO DISMISS**

Plaintiffs,

v.

LADY OF AMERICA FRANCHISE
CORP.; and ROGER WITTENBERNS,

Defendants.

---

J. Michael Dady and John Holland, **DADY & GARNER, P.A.**, 4000 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for plaintiffs.

Lawrence R. Commers and Tim A. Staum, **MACKALL, CROUNSE & MOORE, PLC**, 1400 AT&T Tower, 901 Marquette Avenue, Minneapolis, MN  55402; and Catherine M. Burkhardt, **DLA PIPER RUDNICK GRAY CARY US LLP**, 203 North LaSalle Street, Chicago, IL 60601, for defendants.

Defendant Lady of America ("LOA") is a franchiser of the Ladies' Workout Express ("LWE") health club system.  Defendant Roger Wittenberns is the president and CEO of LOA.  Plaintiffs are current or former franchisees of LOA who operated LWE clubs pursuant to written franchise agreements with LOA.  Plaintiffs bring claims under

the Minnesota Franchise Act, the Florida Franchise Misrepresentation Act, the Florida Deceptive and Unfair Trade Practices Act, the Florida Sale of Business Opportunity Act, and assert various common law claims. Defendants brought a motion to dismiss for failure to state a claim. For the following reasons, the Court grants in part and denies in part defendants' motion.

## BACKGROUND

LOA is a franchiser of health clubs specifically aimed at women. Plaintiffs are all current or former franchisees of LOA. They began to purchase their respective franchises in 2002. Plaintiffs claim that they were induced to purchase the franchises based on representations by LOA. For example, the health clubs were to emphasize a thirty-minute workout, similar to the "Curves" health club for women. In addition, the health clubs would be located in areas where there would be large expected numbers of members for the clubs. Further, LOA would provide marketing and advertising assistance for the clubs, enabling the franchisees to compete with the "Curves" health clubs and realize profits.

Although it appears that plaintiffs had high hopes for the health club concept, the franchises ultimately did not flourish as intended. Plaintiffs now claim that many of LOA's representations regarding the franchises were false, and that LOA failed to fulfill its obligations under the franchise agreements. Specifically, plaintiffs allege violations of the Minnesota Franchise Act (Count I), the Florida Franchise Misrepresentation Act ("FFA") (Count II), the Florida Deceptive and Unfair Trade Practices Act (Count III),

and the Florida Sale of Business Opportunity Act (Count IV).   Plaintiffs seek a Declaratory Judgment (Count V).  Plaintiffs also assert claims for breach of contract and the implied covenant of good faith and fair dealing (Count VI), unjust enrichment (Count VII), and fraud (Count VIII).  Defendants have moved to dismiss Count I in part, and Counts II through VIII in their entirety.

## ANALYSIS

## I.    STANDARD OF REVIEW

In a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff and presumes all facts alleged in the complaint to be true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). The Court may dismiss a claim only where the plaintiff cannot prove any set of facts in support of the claim that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir. 2002).

## II.   MINNESOTA FRANCHISE ACT CLAIMS

### A.    Defendants' Motion to Dismiss Claims Against Wittenberns.

Plaintiffs assert only one count against Wittenberns.  Under Count I, plaintiffs seek to hold Wittenberns liable as a "control person" under the Minnesota Franchise Act ("MFA").  *See* Minn. Stat. §§ 80C.13, 80C.17.   A principal executive officer of a corporation may be jointly and severally liable for the corporation's violations of the MFA if the officer "materially aids in the act or transaction constituting the violation."

Minn. Stat. § 80C.17, subd. 2; *see also Avery v. Solargizer Int'l, Inc.*, 427 N.W.2d 675, 681 (Minn. Ct. App. 1988).

Here, plaintiffs have failed to set forth any facts showing that Wittenberns materially aided in alleged MFA violations by LOA. Accordingly, defendants' motion to dismiss Count I, Violation of the Minnesota Franchise Act, against Wittenberns is granted.

**B.      Defendants' Motion to Dismiss the MFA Claims of Plaintiffs Randall, Stillwater Ladies, Barbara Wright, David Wright, Flamingo Express, Allanson, Neudecker, and Evans to the Extent Their Claims Are Based on Non-Registration.**

Defendants argue that Count I as asserted by eight of the ten plaintiffs – plaintiffs Randall, Stillwater Ladies, Barbara Wright, David Wright, Flamingo Express, Allanson, Neudecker, and Evans – should be dismissed to the extent it is premised on an alleged failure to register with the State of Minnesota. At oral argument, counsel for plaintiffs confirmed that those plaintiffs are not basing their MFA claims on a failure to register. Accordingly, there appears to be no dispute between the parties on this issue. The Court therefore dismisses the claims of plaintiffs Randall, Stillwater Ladies, Barbara Wright, David Wright, Flamingo Express, Allanson, Neudecker, and Evans under Count I, Violation of the Minnesota Franchise Act, to the extent their claims are based on non-registration.

C.     **Defendants' Motion to Dismiss the Nonregistration Claims of Plaintiffs Hoglund-Ross and Weeks.**

The Minnesota Franchise Act contains a three-year statute of limitations. The MFA does not, however, state when a cause of action accrues, and Minnesota courts have not yet addressed this issue. In *Jerry's Service Inc. v. Freshway, Inc.*, No. Civ. 03-2889 (D. Minn. Sept. 24, 2003), the court noted that misrepresentations or the failure to make required representations under the MFA are considered false, fraudulent and deceptive practices. *Id.* (citing Minn. R. 2860.4500(C), (D)). Further, the "discovery rule" in Minnesota provides that a cause of action for fraud does not accrue until the facts constituting the fraud could and ought to have been discovered with reasonable diligence. *See Kassan v. Kassan*, 400 N.W.2d 346 (Minn. Ct. App. 1987); Minn. Stat. § 541.05(6). The court in *Jerry's Service* applied the discovery rule to claims under the MFA, and held that a cause of action under the MFA does not accrue until a party discovers, or should have discovered, the fraud.

Plaintiffs have alleged that they did not discover that LOA was not registered until 2004. Applying the discovery rule to this case, plaintiffs' claims did not accrue until 2004, and are therefore within the statute of limitations. Accordingly, the Court denies defendants' motion to dismiss the non-registration claims of plaintiffs Hoglund-Ross and Weeks.

**D.      Defendants' Motion to Dismiss Plaintiff Evans's MFA Claim Because She Did Not Purchase Her Franchise from LOA.**

Defendants argue that Evans's MFA claim should be dismissed because she purchased her franchise from a franchisee, and she is therefore outside the scope of the MFA.    Plaintiffs concede that, under Section 80.03(a), the MFA's registration requirements do not apply to the offer or sale of a franchise by a franchisee.   However, plaintiffs state that Evans is basing her MFA claim on other conduct – including misrepresentation – but not registration.   Unlike the registration provision of the MFA, the provisions of the MFA relating to misrepresentation and other unlawful conduct apply to the offer or sale of a franchise by a franchisee.   *See* Minn. Stat. §§ 80C.13, 80C.14, 80C.17.   Because Evans's MFA allegations are not related to registration, they are within the scope of the MFA.   Accordingly, the Court denies defendants' motion to dismiss Evans's MFA claim.

**E.      Defendants' Motion to Dismiss the MFA Claims of Plaintiffs Neudecker, Hoglund-Ross And Weeks to the Extent Their Claims Are Based on Statements Made to Them Regarding Other Parties' Interest in Purchasing Their Franchised Locations.**

Defendants argue that the MFA claims of plaintiffs Neudecker, Hoglund-Ross and Weeks should be dismissed to the extent their claims are premised on statements made to them regarding other parties' interest in purchasing their franchised locations.   At oral argument, counsel for plaintiffs confirmed that those plaintiffs are not basing their MFA claims on statements made to them regarding other parties' interest in purchasing their franchised locations.   Accordingly, there appears to be no dispute between the parties on

this issue. Therefore, the Court dismisses the claims of plaintiffs Neudecker, Hoglund-Ross and Weeks under Count I, Violation of the Minnesota Franchise Act, to the extent their claims are based on statements made to them regarding other parties' interest in purchasing their franchised locations.

### III.   FLORIDA FRANCHISE MISREPRESENTATION ACT

#### A.   Defendants' Motion to Dismiss Plaintiffs' FFA Claims Because the FFA Does Not Apply to Them.

The Florida Franchise Misrepresentation Act provides a private cause of action to "[a]ny person, who shows in a civil court of law a violation of this section may receive a judgment for all moneys invested in such franchise or distributorship." Fla. Stat. § 817.416(3). Under the FFA, a person is defined as "an individual, partnership, corporation, association, or other entity doing business in Florida." Fla. Stat. § 817.416(1)(a).

Citing *Barnes v. Burger King Corp.*, 932 F. Supp. 1441, 1443 (S.D. Fla.1996), defendants argue that because plaintiffs' franchises were located outside of Florida, they were not "doing business in Florida," and therefore the FFA does not apply to them. Other federal courts, however, have held that the FFA does apply to franchises where the franchiser – but not the franchise – was located in Florida. *See Burger King Corp. v. Holder*, 844 F. Supp. 1528, 1531 (S.D. Fla. 1993) (holding that since Burger King does business in Florida, the FFA applies); *Dickinson v. Executive Bus. Group, Inc.*, 983 F. Supp. 1395, 1397 (M.D. Fla. 1997) (finding that a Texas franchisee may have a valid claim under the FFA; *see also Burger King Corp. v. Austin*, 805 F. Supp. 1007, 1022-23

(S.D. Fla. 1992) (concluding that since a choice of law provision in the contract provided for the application of Florida law, Burger King was subject to the FFA).  The Florida state courts do not appear to have analyzed this issue.  *See Grand Kensington, LLC v. Burger King Corp.*, 81 F. Supp. 2d 834, 839 (E. D. Mich. 2000) (noting lack of Florida case law on this issue).

Presently, the weight of the case law seems to favor application of the FFA in this situation.  Accordingly, the Court denies defendants' motion to dismiss plaintiffs' claims under Count II, violation of the Florida Franchise Misrepresentation Act.

B.      **Defendants' Motion to Dismiss Plaintiffs' FFA Claims Based on the Merger and Integration Clause in Their Franchise Agreements.**

Defendants argue that, even if the FFA does apply to plaintiffs, their FFA claims must fail because the merger and integration clause contained in the franchise agreements precludes plaintiffs from asserting that they relied on prior misrepresentations.

Florida courts, however, have held that boilerplate merger and integration clauses do not necessarily prohibit the introduction of prior oral representations to establish fraud.  *Mejia v. Jurich*, 781 So. 2d 1175, 1178 (Fla. Dist. Ct. App. 2001) ("The existence of a merger or integration clause, which purports to make oral agreements not incorporated into the written contract unenforceable, does not affect oral representations which are alleged to have fraudulently induced a person to enter into the agreement"); *MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp. 2d 1346, 1362-63 (S.D. Fla. 2000) ("MeterLogic correctly points out that such integration clauses do not 'cloak defendants with immunity' from fraudulent statements.  Florida law is clear that if a party

alleges that a contract was procured by fraud or misrepresentation as to a material fact, an integration clause will not make the contract incontestable, and the oral representations may be introduced into evidence to establish fraud.") (citing *Acquisition Corp. of Am. v. Fed. Deposit Ins. Corp.*, 760 F. Supp. 1558, 1561 n.6 (S.D. Fla. 1991); *Bird Lakes Dev. Corp. v. Meruelo*, 626 So. 2d 234, 238 (Fla. 1993); *Ortiz v. Orchid Springs Dev. Corp.*, 504 So. 2d 510 (Fla. 1987)).

Here, as in *Mejia* and *MeterLogic*, plaintiffs allege fraud and misrepresentation, and defendants point to a boilerplate merger and integration clause.  Plaintiffs may offer the alleged fraudulent statements or misrepresentations, and the merger and integration clause provides no basis upon which to dismiss plaintiffs' FFA claims.  Accordingly, the Court denies defendants' motion to dismiss Count II, plaintiffs' FFA claims, based on the merger and integration clause.

### C.    Defendants' Motion to Dismiss Evans's FFA Claim Because She Did Not Purchase Her Franchise from LOA

Defendants argue that the FFA does not apply to franchisees who purchased their franchises from other franchisees.   The FFA, however, does not state that such franchisees are precluded from bringing a claim under the FFA.   *See* Fla. Stat § 817.416(2)(a); *cf. Schubot v. McDonalds Corp.*, 757 F. Supp. 1351, 1358 (S.D. Fla. 1990) (court dismissed plaintiff's FFA claim where plaintiff failed to allege that defendant made misrepresentation in connection with plaintiff's purchase of franchise); *Hall v. Burger King Corp.*, 912 F. Supp. 1509, 1529 (S.D. Fla. 1995) (citing *Schubot*).

Accordingly, the Court denies defendants' motion to dismiss Evans's FFA claims under Count II on this basis.

## IV.     FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

Defendants, citing *Hutson v. Rexall Sundown, Inc.*, 837 So. 2d 1090, 1094 (Fla. Dist. Ct. App. 2003), argue that plaintiffs' claims under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count III) fail because the statute only applies to Florida residents, and none of the plaintiffs are residents of Florida. However, the court in *Millennium Communications & Fulfillment, Inc. v. Office of Attorney General*, 761 So. 2d 1256, 1261-62 (Fla. Dist. Ct. App. 2000), held that the FDUTPA applies to non-residents. The Florida Supreme Court does not appear to have addressed that issue. Based on the reasoning in *Millennium Communications*, the Court denies defendants' motion to dismiss plaintiffs' FDUTPA claims under Count III.

## V.     FLORIDA SALE OF BUSINESS OPPORTUNITY ACT

Defendants move to dismiss plaintiffs' claims under the Florida Sale of Business Opportunities Act (Count IV) because plaintiffs' franchise agreements fell into the Act's trademark exception. *See* Fla. Stat. § 559.801(1)(a). Notably, the Act does not apply to the "sale of a sales program or marketing program made in conjunction with the licensing of a trademark or service mark that is registered under the laws of any state or of the United States." *Id.* At oral argument, plaintiffs conceded that the franchise agreements involved the use of trademarks or service marks. Therefore, the Act does not apply to plaintiffs' purchases of franchises from LOA. *Id.*; *see also Barnes v. Burger King Corp.*,

932 F. Supp. 1420, l433 (S.D. Fla. 1996). The Court grants defendants' motion to dismiss Count IV, violation of the Florida Sale of Business Opportunities Act.

## VI.   DECLARATORY JUDGMENT

Defendants argue that plaintiffs' request for a declaratory judgment should be dismissed because it is "duplicative." In Count V of the complaint, plaintiffs request a declaratory judgment that, *inter alia*, they are excused from further performance under the franchise agreements, and that any and all monetary claims by LOA against plaintiffs are dismissed. The Court finds that plaintiffs have adequately alleged facts to entitle them to seek a declaratory judgment and that the request for a declaratory judgment is not duplicative. Defendants' motion to dismiss Count V is therefore denied.

## VII.   CONTRACT CLAIMS

Defendants move to dismiss Count VI, plaintiffs' claim of breach of contract and the implied covenant of good faith and fair dealing, arguing that plaintiffs failed to state a claim. In Florida, a cause of action for breach of contract must include allegations of an existing contract, breach of the contract, and resulting damages. *Mobil Oil Corp. v. Dade County Esoil Mgmt. Co.*, 982 F. Supp. 873, 879 (S.D. Fla. 1997) (citing *Boim v. Nat'l Data Prods., Inc.*, 932 F. Supp. 1402, 1405 (M.D. Fla. 1996); *Knowles v. C.I.T. Corp.*, 346 So. 2d 1042 (Fla. Dist. Ct. App. 1977)). The implied covenant of good faith and fair dealing is a part of every contract, and good faith means honesty in the performance of contractual relations. *See, e.g., County of Brevard v. Miorelli Eng'g, Inc.*, 703 So. 2d 1049, 1050 (Fla. 1997) ("every contract includes an implied covenant that the parties will

- 11 -

perform in good faith"); *Harrison Land Dev., Inc. v. R & H Holding Co., Inc.*, 518 So. 2d 353, 355 (Fla. Dist. Ct. App. 1988) ("good faith means honesty, in fact, in the conduct of contractual relations"); *see also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999) (citing same in franchise case).

Plaintiffs need only allege facts in support of each element of a claim. *Mobil Oil*, 982 F. Supp. at 879. In resolving a motion to dismiss, a "court is not permitted to speculate as to whether a plaintiff will be able to prove the allegations, rather a court is required to accept all well pleaded allegations contained in the complaint as true." *Raney v. Jimmie Diesel Corp.*, 362 So. 2d 997, 998 (Fla. Dist. Ct. App. 1978).

The Court finds that plaintiffs have set forth sufficient facts in their complaint in support of each element of their claim for breach of contract and the implied covenant of good faith and fair dealing. Accordingly, the Court denies defendants' motion to dismiss Count VI.

## VIII.   UNJUST ENRICHMENT

Defendants move to dismiss plaintiffs' claims for unjust enrichment for failure to state a claim. Under Florida law, the elements of a claim for unjust enrichment are (1) a benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof. *Nautica Int'l., Inc. v. Intermarine USA, L.P.*, 5 F. Supp. 2d 1333, 1341-42 (S.D. Fla. 1998) (citing *Hercules, Inc. v. Pages*, 814 F. Supp. 79, 80 (M.D. Fla. 1993);

CASE 0:04-cv-03394-PJS-RLE   Document 36   Filed 10/21/05   Page 13 of 15

*Henry M. Butler, Inc. v. Trizec Properties, Inc.*, 524 So. 2d 710, 712 (Fla. Dist. Ct. App. 1988)).  Further, Florida law permits plaintiffs to plead in the alternative.  *Belz Investco Ltd. P'ship v. Groupo Immobiliano Cababie, S.A.*, 721 So. 2d 787, 788-89 (Fla. Dist. Ct. App. 1998).

Reviewing the complaint in the light most favorable to the plaintiffs, the Court finds that plaintiffs have alleged facts in support of each element of a claim for unjust enrichment.  Therefore, the Court denies defendants' motion to dismiss Count VII.

## IX.   FRAUD

Defendants move to dismiss plaintiffs' claims for fraud (Count VIII) on the same grounds as their motion to dismiss plaintiffs' FFA claims, arguing that the merger and integration clause in the franchise agreements precludes a finding of reliance based on alleged prior misrepresentations.

In order for a plaintiff to state a case for fraud, the plaintiff must allege (1) a false statement or misrepresentation of material fact; (2) the representor's knowledge at the time the misrepresentation is made that the statement is false; (3) an intention that the misrepresentation induce another to act; (4) action in justifiable reliance on the representation; and (5) resulting damage or injury.  *MeterLogic*, 126 F. Supp. 2d at 1363 (citing *Bailey v. Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A.*, 938 F. Supp. 825, 829 (S.D. Fla. 1996); *Johnson v. Davis*, 480 So. 2d 625, 627 (Fla. 1985)).  As set forth above, Florida courts have held that boilerplate merger and integration clauses do not necessarily prohibit the introduction of prior misrepresentations to

- 13 -

establish fraud.  *See, e.g., Mejia*, 781 So. 2d at 1178; *MeterLogic*, 126 F. Supp. 2d at 1362-63.

As set forth above, plaintiffs are not precluded from offering prior misrepresentations by the boilerplate merger and integration clause in the franchise agreements.  The Court finds that plaintiffs have alleged sufficient facts to support their claim of fraud, and therefore denies defendants' motion to dismiss Count VIII.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendants' Motion to Dismiss [Docket No. 17] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1.      Defendants' motion to dismiss Count I against defendant Roger Wittenberns is **GRANTED**.  Defendant Roger Wittenberns is **DISMISSED** from the case.

2.      Defendants' motion to dismiss the claims of plaintiffs Randall, Stillwater Ladies, Barbara Wright, David Wright, Flamingo Express, Allanson, Neudecker, and Evans under Count I, Violation of the Minnesota Franchise Act, to the extent their claims are based on non-registration, is **GRANTED**.

3.      Defendants' motion to dismiss the claims of plaintiffs Neudecker, Hoglund-Ross and Weeks under Count I, Violation of the Minnesota Franchise Act, to the extent their claims are based on statements made to them regarding other parties' interest in purchasing their franchised locations, is **GRANTED**.

4.     Defendants' motion to dismiss Count IV, Violation of the Florida Sale of

Business Opportunity Act, is **GRANTED**.

5.     Defendants' motion to dismiss is **DENIED** in all other respects.


DATED:     October 21, 2005                          _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                           JOHN R. TUNHEIM
                                                     United States District Judge